UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 26 2016

******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CR 03-40081 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| RUBEN VEGA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

******************************************************************

    Defendant, Ruben Vega (Vega), filed a pro se pleading, construed by this court as a motion for a sentence reduction. (Doc. 143.) In its response, the government asserts that the motion should be denied. (Doc. 147.) For the reasons set forth below, the motion will be denied.

## BACKGROUND

    On October 31, 2003, Vega entered a plea of guilty to the offense of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A few weeks prior to the plea, the government filed a notice informing Vega of its intent to seek increased punishment, pursuant to 21 U.S.C. § 851(a), based upon Vega's prior conviction for a felony drug offense. Thus, the mandatory minimum sentence of imprisonment applicable in Vega's case was 20 years' imprisonment and the maximum penalty was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

    The base offense level under the Sentencing Guidelines was 34 based upon the drug quantity. A two-level enhancement for being an organizer, leader, manager or supervisor in any criminal activity was applied pursuant to USSG § 3B1.1(c), resulting in an offense level of 36. The drug quantity calculation and the role in the offense, however, were overridden by the career offender

provisions in the Guidelines. Specifically, Vega's base offense level of 36 was adjusted upward to 37 under USSG § 4B1.1 based on Vega's status as a career offender for two prior felony drug offenses. The offense level was decreased by three levels for Vega's acceptance of responsibility. Thus, the total offense level was 34, with a criminal history category VI, resulting in a sentencing range of 262 to 327 months' imprisonment. On January 26, 2004, this Court sentenced Vega to serve 262 months' imprisonment, a sentence that was at the the bottom of the guideline range but still within the 20-year mandatory minimum sentence. Vega did not appeal his sentence to the Eighth Circuit.

On November 1, 2004, Vega filed a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255. (*See* Civ. 04-4174, Doc. 1.) Vega first argued that the Court lacked jurisdiction to impose a sentence higher than the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). Rejecting this argument, this Court noted that Vega admitted in the Amended Factual Basis Statement, signed by Vega on October 31, 2003, that the conspiracy "result[ed] in the distribution of over 500 grams of methamphetamine." (*See* Civ. 04-4174, Doc. 13.) In *Blakely*, the Supreme Court made clear that the statutory maximum for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant.*" Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis added). Pursuant to 21 U.S.C. § 841(b)(1)(A), the maximum punishment is life imprisonment for over 500 grams of a mixture and substance containing methamphetamine. Thus, Vega was not entitled to relief under *Apprendi*, because his sentence did not exceed the statutory maximum applicable to the criminal conduct he admitted in the Amended Factual Basis Statement. (*See* Civ. 04-4174, Doc. 13.)

Vega also asserted in his § 2255 that he received ineffective assistance of counsel for two reasons. First, he complained that counsel failed to object to the Court's lack of jurisdiction to impose a sentence higher than the 20-year mandatory minimum. (*See id.* at Doc. 1.) Because no violation of *Apprendi* occurred, as explained above, this Court concluded that Vega's counsel's performance was not deficient for failing to object to the Court's sentence in excess of the mandatory minimum. (*Id.* at Doc. 13.) Second, Vega contended that he received ineffective assistance because his lawyer did not object to the two-level role in the offense enhancement. (*Id.* at Doc. 1.) Vega's

2

guideline range, however, was not governed by the drug quantity table with the enhancement for role in the offense. Rather, it was determined by application of the career offender provision in USSG § 4B1.1. In other words, this Court was required to apply the § 4B1.1 base offense level of 37 because it exceeded Vega's base offense level of 36. *See* USSG § 4B1.1(b) (career criminal offense levels calculated pursuant to § 4B1.1(b) supersede lesser levels that would be "otherwise applicable"). Thus, counsel's failure to object to the role in the offense enhancement was found not prejudicial to Vega, and this Court ruled he could not prevail on this ineffective assistance of counsel claim. (*Id.* at Doc. 13.)

On July 28, 2005, this Court denied Vega's § 2255 motion to vacate, and a certificate of appealability was not issued. (*See* CIV 04-4174, Doc. 13.) On appeal, the Eighth Circuit denied Vega's motion for a certificate of appealability and dismissed his appeal. (*Id.* at Doc. 27.)

The Sentencing Commission subsequently adopted Amendment 782 which became effective November 1, 2014, and was made retroactive effective November 1, 2015. *See United States v. Lawin*, 779 F.3d 780, 781 n. 2 (8th Cir. 2015); *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("[T]he Commission expressly made Amendment 782 retroactive (effective November 1, 2015)."). Essentially, Amendment 782 "applies retroactively to reduce most drug quantity base offense levels by two levels." *Lawin*, 779 F.3d at 781 n. 2 (citing *Thomas*, 775 F.3d at 982).

On April 17, 2015, Vega filed a motion with this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactively-amended drug quantity base offense levels. (Doc. 133.) In his § 3582(c)(2) motion, Vega argued that Amendment 782 should be applied to reduce his offense level by two levels, from 34 to 32, resulting in a guideline range of 210 to 262 months rather than 262 to 327 months of imprisonment. This Court determined that Vega was ineligible for a sentence reduction under § 3582(c)(2) and denied his motion. (Doc. 137.) The Court reasoned that *United States v. Thomas*, 775 F.3d 982 (8th Cir. 2014) (per curiam), barred a sentence reduction for Vega because his applicable guideline range was based on the career-offender table in USSG § 4B1.1(b) and not the offense levels listed in USSG § 2D1.1 for drug quantity, and thus the new guidelines did not alter the career offender range. In *Thomas*, the Eighth Circuit construed the

3

applicable guideline and policy statements and held that when a defendant is found to be a career offender and is sentenced under § 4B1.1, the applicable guideline range under § 3582(c)(2) is his career-offender range and Amendment 782 does not lower that guideline range. Applying that reasoning to Vega, even if he were resentenced with the newer guidelines, his applicable guideline range would be precisely the same: 262 to 327 months. Because Amendment 782 did not have the effect of lowering Vega's applicable guideline range, a reduction in his term of imprisonment was not authorized and his motion pursuant to 18 U.S.C. § 3582(c)(2) was denied.

In the pending motion filed on May 31, 2016, Vega says he believes he should have received a lesser sentence, and he requests a lower sentence. (Doc. 143.) Vega argues that his two prior felony convictions were not serious enough to justify his career offender status, that he should not have received the two "points" for being an organizer or leader, and that he has been rehabilitated and is ready for society. (*Id.*)

## DISCUSSION

Once a district court has imposed a term of imprisonment, the general rule is that the court may not modify that term. Title 18 U.S.C. § 3582 provides for modification of an imposed term of imprisonment in only three circumstances: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2). The Director of the Bureau of Prisons has not made a motion and thus the first exception is inapplicable here. Avenue three has already been rejected by this Court when it denied Vega's first § 3582(c)(2) motion for a sentence reduction in its Order issued on August 19, 2015. (Doc. 137.) Vega has not come forward with any new evidence or authority in favor of a sentence reduction under 18 U.S.C. § 3582(c)(2). The second exception offers Rule 35, and possibly 28 U.S.C. § 2255, as potential sources of authority to support Vega's motion to reduce his sentence, and the Court will address those in turn.

Rule 35 of the Federal Rules of Criminal Procedure empowers a court to correct or reduce a defendant's sentence in two specified instances. Subsection (a) authorizes a district court to correct a sentence "that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Subsection (b) grants a court authority to reduce a sentence to reflect a defendant's subsequent, "substantial assistance in investigating or prosecuting another person" "upon the government's motion." Fed.R.Crim.P. 35(b). Neither of these subsections apply here. Subsection (a) does not apply because the Court is not correcting Vega's sentence within 14 days after the original sentence was imposed. Because subsection (b) applies only to motions made by the government (based on a defendant's substantial assistance), Vega cannot invoke Rule 35(b) for the Court to reduce his sentence.

A court may modify a sentence after a successful challenge attacking a conviction or sentence pursuant to 28 U.S.C. § 2255, but before a second or successive motion under 28 U.S.C. § 2255 is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244 (b)(3)(A). Vega has not presented the required certification from a panel of the Eighth Circuit to proceed for a second time under § 2255, and thus Vega's present motion cannot qualify as one brought under 28 U.S.C. § 2255.

Finally, Vega asks the Court to consider his rehabilitation efforts. The Court finds these efforts commendable, but they do not authorize the Court to reduce Vega's sentence.[1]

At the time of Vega's sentencing in 2003, the Federal Sentencing Guidelines were mandatory. If the sentencing guidelines had not been mandatory at that time, the Court could have

---

[1] The sentencing guidelines do now allow a court to "consider post-sentencing conduct of the defendant" when the Court is considering a sentence reduction for a defendant pursuant to 18 U.S.C. § 3582(c)(2), *see* USSG § 1B1.10 cmt. n. 1(B)(iii), but the Court has already considered in its Order of August 19, 2015, whether a § 3582(c)(2) sentence reduction is available for Vega. The Court has no authority at this time under 18 U.S.C. § 3582(c)(2) to reduce Vega's sentence.

considered a variance to no lower than the 240 month mandatory minimum. There was no basis for a downward departure under the mandatory sentencing guidelines.

Vega cites no authority that would allow the Court to reduce his term of imprisonment, and the Court is unaware of any authority it has to reduce Vega's sentence at this time. Accordingly,

**IT IS ORDERED** that the motion for a reduced sentence, doc. 143, is denied.

Dated this 26 day of October, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY